IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Josué Cardona** <br>　　An Illinois citizen <br><br>　　　v. <br><br> **Anthony Bean,** <br>　　A Texas Citizen, <br><br> **Bean Professional Psychological Services, PLLC,** <br>　　A Texas LLC, and <br><br> **Eric Eagle Hartmans, Esq.** <br>　　A California Citizen <br><br>　　　**Defendants.** | ) COMPLAINT FOR TRADEMARK <br>) INFRINGEMENT UNDER 15 USC <br>) 1125(a), UNFAIR COMPETITION <br>) UNDER 15 USC 1125(a), UNFAIR & <br>) DECEPTIVE TRADE PRACTICES <br>) UNDER 815 ILCS 510, and CIVIL <br>) CONSIPRACY <br>) <br>) <br>) 　　Case No. <br>) <br>) <br>) <br>) <br>) <br>) |

## COMPLAINT

Plaintiff, Josué Cardona ("Cardona" or "Plaintiff"), for his Complaint for Trademark Infringement under the Lanham Act, Unfair Completion under the Lanham Act, Trademark Infringement under Illinois Law, and Civil Conspiracy under Illinois Law against Defendants, Anthony Bean ("Bean"), Bean Professional Psychological Services, PLLC ("Bean PLLC") and Eric Eagle Hartmans, Esq. ("Hartmans") (collectively "Defendants"), states and alleges as follows:

## STATEMENT OF THE CASE

Plaintiff Cardona, a mental health therapist, is the creator of a mental health counseling model for integrating Geek culture into mental health practice, mental health education, and entertainment, called "GEEK THERAPY." Cardona first used the mark GEEK THERAPY on June 24, 2011 when he created the GEEK THERAPY podcast[1], and he has made continuous use since. Cardona created a successful and thriving online community of thousands of mental health therapists on Facebook

---

[1] A podcast is digital audio entertainment available on the Internet for downloading to a computer or mobile device, available as a series, which can be received by subscribers automatically, and known for ease of accessibility.

1

called the GEEK THERAPY Community. Defendant Bean, a member of the GEEK THERAPY Community *who has known Cardona since 2013*, contacted Cardona in 2017 about collaborating on a book using Cardona's GEEK THERAPY trademark in the title. Cardona declined and specifically told Bean that he objected to any use of the mark GEEK THERAPY by Bean.

Spurned and spiteful, Bean sought revenge. At some point Bean connected with Defendant attorney Eric Eagle Hartmans and the two conspired to get back at Cardona. Discovering that Cardona had not federally-registered his GEEK THERAPY mark, Defendants Bean and Hartmans conspired to promote Bean as the owner of the GEEK THERAPY brand of mental health products and services, falsely cloak Bean with authority to designate a mental health therapist as a certified "GEEK THERAPIST," and prevent Cardona from perfecting his rights in his GEEK THERAPY trademark by filing two intent-to-use trademark applications to register GEEK THERAPY and GEEK THERAPIST. Defendants conspired to destroy the market value of Cardona's GEEK THERAPY trademark and impair Cardona's rights in the GEEK THERAPY and GEEK THERAPIST marks.

Cardona filed his application to register GEEK THERAPY and timely opposed Defendant Bean PLLC's applications, which Bean opposed. During the pendency of the Oppositions (Opp'n. 91249379), Cardona learned that Bean is causing actual confusion, and that even if Cardona prevails in Opp'n. 91249379, Bean has no intention of ceasing to use the GEEK THERAPY or GEEK THERAPIST marks. Indeed, Bean has successfully swindled unknowing therapists into signing up for his "GEEK THERAPIST certification." The conduct of both Hartmans and Bean in this case are in bad faith, malicious, deceptive, oppressive, outrageous, and calculated to cause personal and financial harm to Cardona. Through this lawsuit Cardona seeks to protect his GEEK THERAPY and GEEK THERAPIST trademarks, prevent Bean from causing further harm, and recover damages caused by Defendants' frivolous and oppressive conduct.

## JURISDICTION AND PARTIES

1. Plaintiff, Josué Cardona is a citizen and resident of the State of Illinois.

2. On information and belief, Defendant, Bean is a citizen of the State of Texas.

3. On information and belief, Defendant, Bean Professional Psychological Services, PLLC, is a professional limited liability company (PLLC) organized under the laws of the State of Texas and all members are individuals who are citizens of the State of Texas.

4. On information and belief, Defendant Hartmans is a citizen of the State of California.

5. On information and belief, Defendants Bean and Hartmans conspired to establish Bean's use of the GEEK THERAPY mark in Illinois by using and promoting the mark in Illinois and Defendants Bean and Hartmans intentionally targeted their conduct at this state.

6. On August 19, 2019, Bean used Cardona's Geek Therapy trademark in a presentation entitled "A Geek Therapy Presentation by Dr. Anthony Bean" in Chicago, Illinois.

7. A true and correct copy of the image from the Facebook post promoting the event located at https://www.facebook.com/events/497552097720183/ is presented below:



8. On information and belief, Defendant operates an Internet web site located at https://www.geektherapeutics.com/geek-therapy-101/ where Defendant advertises and promotes its services using the GEEK THERAPY mark.

9. On information and belief, Defendant intentionally uses Cardona's phrase "GEEK THERAPY" on the Internet web site and in its advertising and marketing.

10. On information and belief, Defendant Hartmans conspired with Defendant Bean to cause harm to Cardona with the intent that the harm would be inflicted in the State of Illinois.

11. This Court's jurisdiction arises under 15 U.S.C. §1121 and 28 U.S.C. §1338(a). This Court has jurisdiction over all other claims herein because this is a civil action between citizens of different states and the amount in controversy exceeds seventy five thousand dollars exclusive of costs in accordance with 28 U.S.C. §1332. This Court has personal jurisdiction over the defendant because the Defendant was physically present in the State of Illinois when Defendants' violated Cardona's trademark rights. This Court also has pendent jurisdiction over all other claims in accordance with 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a).

## VENUE

12. Venue is proper pursuant to 28 U.S.C. §1391(b).

## BACKGROUND

13. On June 24, 2011 Cardona created the GEEK THERAPY discussion topic on the scoop.it website to advertise and distribute the GEEK THERAPY podcast.

14. On June 12, 2012 Cardona registered the domain name, geektherapypodcast.com to advertise and distribute the GEEK THERAPY podcast.

15. On July 18, 2012 Cardona published the first GEEK THERAPY podcast audio recording. There are now over 280 episodes.

16. On July 27, 2012 Cardona registered the domain name geektherapy.com.

17. In February 2012, Cardona first used the GEEK THERAPY trademark on the social network Twitter when he registered the name @GeekTherapy.

18. In February 2013, Cardona first used the GEEK THERAPIST trademark on the social network Twitter when he registered the name @GeekTherapist.

19. Cardona currently licenses the use of the GEEK THERAPIST trademark by authorizing Lara Taylor to use the @GeekTherapist name.

20. On June 22, 2012, Cardona created the "Geek Therapy Community" Facebook group.

21. The "Geek Therapy Community" Facebook group has over 4,000 members.

22. Since March 6, 2013, Cardona has purchased online advertising on Facebook Ad Manager to promote the mark GEEK THERAPY in connection with mental health therapy services and entertainment.

23. Since March 28, 2013, Cardona has purchased online advertising on Twitter Ad Manager to promote the mark GEEK THERAPY in connection with education and training services to mental health therapy providers, mental health therapy services in the nature of role playing therapy for psychological purposes, and entertainment.

24. On information and belief, Defendant Bean, an employee and/or owner of Defendant Bean PLLC, maintains an account on Facebook using the name "Tony Bean."

25. Bean first communicated with Cardona via Twitter in November 2013, when Cardona was using the name @GeekTherapist.

26. At least as early as April 2, 2014, Bean had personal knowledge that Cardona was using the names GEEK THERAPY and GEEK THERAPIST in connection with psychological counseling services, and that Cardona was in fact identified by his peers as the source and creator of the term "Geek Therapy."

5

27.   A true and correct copy of a message between Bean and Cardona - using the name @GeekTherapist - is presented below:

> Josué Cardona
> @GeekTherapist
> 
> EXHIBIT 12
> 
> Play Ocarina of Time in virtual reality with Oculus Rift: gimmegimmegames.com/2014/02/play-o... - 28 Feb
> 
> Anthony Bean
> @VideoGameDoc
> 
> Follow
> 
> @GeekTherapist So I will be on the radio on March 8th with @JulesRPG, you should listen! Also, I am happy to introduce you to her!
> 
> 05:36 AM - 28 Feb 14

28.   Between January 26, 2017 to January 31, 2017 Bean conducted email correspondence with Cardona.

29.   On January 17, 2017, Bean requested permission from Cardona to join the Geek Therapy Community on Facebook and Cardona admitted Bean to the Geek Therapy Community.

30.   On January 26, 2017, Bean contacted Cardona via Facebook to ask if Cardona was interested in collaborating on a book.

31.   Bean and Cardona spoke on the phone and Cardona informed Bean that Cardona was already working on a Geek Therapy book and that Bean did not have Cardona's permission to use the name "Geek Therapy" in the title of Bean's proposed book.

32.   On January 31, 2017 Cardona sent an email to Bean restating that Bean did not have Cardona's permission to use the name "Geek Therapy" in the title of Bean's proposed book.

33.   On or before February 27, 2019, Defendants or Hartmans or both determined that Cardona did not have a federal registration for either the GEEK THERAPY or GEEK THERAPIST trademark.

34.   On or before February 27, 2019, Defendants Bean and Hartmans conspired to deprive Cardona in his rights to the GEEK THERAPY and GEEK THERAPIST trademarks.

35. Defendant Hartmans is the attorney of record in Application Serial Numbers 88318211 and 88318189 ("Opposed Applications") which are the subject of this lawsuit.

36. On or before February 27, 2019, Bean and Hartmans conspired to file an application to register the name GEEK THERAPY in connection with psychological counseling services.

37. On or before February 27, 2019, Bean and Hartmans conspired to file an application to register the name GEEK THERAPIST as a certification mark in connection with psychological counseling services which if registered, would give Defendant the authority to determine who may or may not use the names GEEK THERAPIST and GEEK THERAPY.

38. On February 27, 2019, Defendant filed U.S. Application Serial Number 88318211, to register the mark GEEK THERAPY in connection with "Education services, namely, providing education training regarding mental health therapy services and role playing therapy for psychological purposes," in IC 041.

39. On February 27, 2019, Defendant filed U.S. Application Serial Number 88318189 to register the mark GEEK THERAPIST, as a certification mark, in connection with Mental health therapy services; role-playing therapy for psychological purposes."

40. At the time Defendants filed the Opposed Applications, Defendants knew that the statement, "signatory believes that the applicant is the owner of the trademark/servicemark sought to be registered" was false.

41. At the time Defendants filed the Opposed Applications, Defendants knew that Cardona had coined the term GEEK THERAPY and GEEK THERAPIST in connection with mental health counseling and integrating Geek culture into mental health practice, mental health education, and entertainment.

42. The original filing basis of each of the Opposed Applications was under section 1(b), Intent to Use. *See* 15 U.S.C. §1051(b).

7

43. On February 27, 2019, the filing date of Defendant's Applications, Defendant lacked a good faith basis for his applications since he knew Cardona had been using the names GEEK THERAPIST and GEEK THERAPY for many years.

44. On or before March 1, 2019 Cardona discovered that Defendant had filed the Opposed Applications, and Cardona filed Application Serial Number 88322285 for the GEEK THERAPY trademark.

45. Cardona filed a timely notice of opposition for both of the Opposed Applications.

46. On August 19, 2019, in furtherance of the conspiracy and in a bad faith attempt to establish common law rights in the GEEK THERAPY name, Bean traveled to Illinois – Cardona's home state - and hosted a presentation entitled "A Geek Therapy Presentation by Dr. Anthony Bean" located at 2301 S Dr Martin Luther King Jr Dr, Chicago, IL 60616.

47. On September 1, 2020 Defendant Bean PLLC filed U.S. Application Serial Number 90151667 for the mark GEEK THERAPEUTICS for "Education services, namely, providing education training regarding mental health therapy services and role playing therapy for psychological purposes."

48. During the course of Discovery in the Opposition proceeding, Cardona discovered that Defendant's use of the names GEEK THERAPIST and GEEK THERAPY is causing *actual confusion,* and that even if Cardona should prevail in stopping Defendant's applications, Defendant has no intention of ceasing use of either GEEK THERAPIST or GEEK THERAPY, which will only cause further confusion and harm to Cardona.

### GEEK THERAPY is a Protectable Trademark

49. Cardona has used the mark GEEK THERAPY in connection with entertainment services since 2011.

50. Cardona has used the mark GEEK THERAPY in connection with providing educational and training services to mental health therapy providers, providing mental health therapy services in the nature of role playing therapy for psychological purposes, and providing entertainment services on the subject of integrating Geek culture into mental health practice and mental health education since 2012.

51. Cardona has used the mark GEEK THERAPIST in connection with providing educational and training services to mental health therapy providers, providing mental health therapy services in the nature of role playing therapy for psychological purposes, and providing entertainment services on the subject of integrating Geek culture into mental health practice and mental health education since 2012.

**GEEK THERAPY is Recognized by Third parties**

52. Since 2012, Cardona has used the GEEK THERAPY trademark in social media posts on Facebook.com/geektherapy, Instagram.com/geektherapy, and Twitter.com/geektherapy.

53. Cardona's Facebook group created in 2012 called the "Geek Therapy Community" currently has over 4000 members.

54. Cardona's Twitter account created in 2012 called the "Geek Therapy Community" currently has 2,554 Followers.

55. Cardona's GEEK THERAPY Instagram.com account currently has 121 posts and 373 followers.

**Defendant's Unauthorized Use of GEEK THERAPIST and GEEK THERAPY**

56. On information and belief, Defendant intentionally adopted the GEEK THERAPY name for the purposes of free-riding on the goodwill of Cardona's GEEK THERAPY trademark.

57. Defendants intentionally used the GEEK THERAPY trademark as a source identifier, and not in a descriptive sense, in the Facebook post promoting the Chicgao event in August 2019.

9

58. Defendant filed the Opposed Applications for the purposes of unfairly confusing consumers, and preventing Cardona from protecting his rights in the mark "GEEK THERAPY."

59. Defendant's use of the marks GEEK THERAPY has caused and continues to cause actual consumer confusion.

60. Defendants Bean and Hartmans is intentionally chose to seek registration of a mark that is identical to Cardona's GEEK THERAPY trademark in the United States to unfairly compete with GEEK THERAPY.

61. Defendants Bean and Hartmans intentionally chose to seek registration of GEEK THERAPIST as a certification mark to unfairly compete with Cardona's use of the GEEK THERAPY, and to prevent Cardona form using GEEK THERAPIST.

62. At all relevant times, Defendant Hartmans understood the general objectives of the conspiratorial scheme, accepted them, and explicitly agreed to do his part to further those objectives by filing the Opposed Applications.

63. On information and belief, Defendant Bean intentionally visited Illinois to conduct a seminar and intentionally promoted the seminar using "Geek Therapy," to unlawfully establish common law use of the mark, free-ride on the goodwill associated with Cardona's GEEK THERAPY mark, and to confuse consumers into thinking that Cardona has endorsed or approved, or is in some way associated with, Defendant's business.

64. Defendant's use of the GEEK THERAPIST and GEEK THERAPY marks creates a false designation of origin and causes consumer confusion insofar as it creates an impression that Cardona approves, endorses or is connected to Defendant.

65. Defendant's use of the GEEK THERAPIST and GEEK THERAPY marks creates a false designation of origin and causes consumer confusion because any consumer that searches the

Internet for information about Cardona's GEEK THERAPY will find Defendant Bean PLLC and the Defendant's web site using GEEK THERAPY.

66. Defendants Bean and Bean PLLC's use of the GEEK THERAPIST and GEEK THERAPY is in bad faith because Defendants Bean and Bean PLLC knew Cardona had been using both names in connection with mental health treatment and education

67. Cardona has been harmed by Defendant's use of GEEK THERAPY.

68. Members of the GEEK THERAPY Community are actually confused as to whether Cardona has approved or authorized Defendant's use of GEEK THERAPY.

69. Cardona and more importantly, consumers in general, will continue to be harmed by Defendant's use of GEEK THERAPIST.

70. On information and belief, Defendant Bean is selling licenses to become a "Certified Geek Therapist" to Cardona's competitors.

71. Defendant Bean knows his rights to use the term GEEK THERAPIST, if any, are disputed and that mental health professionals who purchase his "Certified Geek Therapist" designation misled into believing Bean has rights that he does not possess.

72. Cardona now brings this action to enforce its trademark rights against Defendants, seeking a finding of (1) Federal trademark infringement Under Sec. 43(a) of the Lanham Act; (2) Unfair Competition Under Sec. 43(a) of the Lanham Act; (3) State trademark infringement under Illinois Law; and (4) Civil conspiracy under Illinois Law.

## COUNT I

**(Trademark Infringement)**
**15 U.S.C. §1125(a)**

**Cardona Owns a Protectable Mark**

73. Cardona has used the mark GEEK THERAPY in connection with entertainment services since 2011, and in connection with mental health therapy services since 2012.

11

74. Cardona has advertised and continues to advertise the mark GEEK THERAPY on its own web site at www.geektherapy.com and on social media such as Facebook, Twitter, Instagram.

75. Cardona, and his GEEK THERAPY brand have been recognized by leading national publications relevant to mental health, such as Counseling magazine.[2]

76. Defendant intentionally adopted the GEEK THERAPY name knowing it was a recognized, protected brand owned by Cardona.

**Defendant's Infringing Marks are Causing Confusion Among Consumers**

77. Defendant's uses of GEEK THERAPY and GEEK THERAPIST causes confusion among consumers looking for Cardona's GEEK THERAPY mark.

78. Defendant's marks GEEK THERAPY and GEEK THERAPIST are identical in sound, meaning, and overall commercial impression to Cardona's mark, GEEK THERAPY.

79. Defendant promotes his mental health therapy services and mental health therapist training services under the marks GEEK THERAPY and GEEK THERAPIST that are identical to the Cardona's mental health therapy services, and mental health therapist training services.

80. Cardona's and Defendant Bean's potential customers are identical.

81. Consumers have been confused by Defendant's use of the GEEK THERAPY and GEEK THERAPIST names.

82. Defendant's use of the and GEEK THERAPIST marks has caused actual harm to Cardona and will continue to cause actual harm unless the Defendant is enjoined from further use of and GEEK THERAPIST.

83. Defendant's GEEK THERAPEUTICS mark causes confusion among consumers looking for Cardona's GEEK THERAPY mark.

---

[2] Bethany Bray, *Geek therapy: Connecting with clients through comics, video games and other 'geeky' pursuits* COUNSELING, June 13, 2014 (https://ct.counseling.org/2014/06/geek-therapy-connecting-with-clients-through-comics-video-games-and-other-geeky-pursuits/) last accessed March 10, 2021

12

84. Defendant's mark GEEK THERAPEUTICS, is highly similar in sound, meaning, and overall commercial impression to Cardona's mark, GEEK THERAPY.

85. Defendant's use of the GEEK THERAPEUTICS mark has caused actual harm to Cardona and will continue to cause actual harm unless the Defendant is enjoined from further use of GEEK THERAPY.

## COUNT II

**(Unfair Competition)**
**15 U.S.C. §1125(a)**

86. At all relevant times, Defendants had personal knowledge that Cardona uses GEEK THERAPY and GEEK THERAPIST in connection with educational and training services to mental health therapy providers, mental health therapy services, and entertainment services.

87. Defendants sought and were denied the consent or authorization of Cardona to promote Defendants' mental health therapy services using Cardona's GEEK THERAPY mark in commerce.

88. Defendants intentionally and knowingly used in commerce Cardona's GEEK THERAPY mark in connection with the sale, offering for sale, promotion and advertising of Defendants' mental health services by using the GEEK THERAPY mark on Defendant's Internet website located at https://anthonymbean.com/geek-therapy.

89. Defendants intentionally and knowingly used in commerce Cardona's GEEK THERAPIST mark in connection with the sale, offering for sale, promotion, or advertising of Defendants' mental health therapist training services by offering "Certified Geek Therapist Training" Defendant's Internet website located at https://anthonymbean.com/geek-therapy.

90. Defendants intentionally and knowingly used in commerce Cardona's GEEK THERAPIST mark in connection with the sale, offering for sale, promotion, or advertising of licenses to use Cardona's GEEK THERAPIST mark.

13

91. Defendants' egregious and intentional use and sale bearing Cardona's GEEK THERAPY and GEEK THERAPIST marks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believes that the services are approved, endorsed or sponsored by Cardona.

92. Defendants' continued and knowing use of Cardona's GEEK THERAPY and GEEK THERAPIST marks without Cardona's consent or authorization constitutes intentional infringement of Cardona's trademarks in violation of Section 43a of the Lanham Act, 15 U.S.C. §1125(a).

93. Cardona's and Defendants potential customers are identical.

94. Cardona's and Defendants educational and training services to mental health therapy providers, and mental health therapy services are identical.

95. Cardona and Defendants both sell, offer for sale, promote and advertise their services using the same media and channels of trade.

96. Defendant is intentionally misleading consumers by creating a false impression that Defendants are associated with or endorsed by Cardona, or authorized by Cardona to use the GEEK THERAPY and GEEK THERAPIST marks on its website and to promote Defendant's mental health therapy services and mental health therapist training services.

97. Defendant is intentionally misleading and misdirecting consumers by offering licenses to mental health therapists to become a "Certified Geek Therapist."

98. Defendant's online advertising has actually deceived or has the tendency to deceive a substantial segment of consumers searching for information about mental health therapy.

99. Defendant's false advertising is confusing consumers and diminishing the ability of Cardona's mark to function as a unique source identifier. This harm is irreparable and without an adequate remedy at law.

**COUNT III**

14

**(State Trademark Infringement)**
**815 ILCS 510/2**

100. Claims for unfair competition and deceptive business practices brought under Illinois Statutes are to be resolved according to the principles set forth under the Lanham Act. *Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D.Ill.1994); *Thomspon v. Spring-Green Lawn Care Corp.*, 126 Ill.App.3d 99, 91 Ill.Dec. 202, 466 N.E.2d 1004, 1010 (Ill.App.Ct.1984).

101. Plaintiff has established trademark rights in the name GEEK THERAPY in connection with its mental health related services.

102. Plaintiff's trademark, GEEK THERAPY is protectable under Illinois and federal trademark laws.

103. Plaintiff's trademark GEEK THERAPY has acquired secondary meaning among the thousands of members of the Geek Therapy Community on Facebook.

104. Plaintiff has advertised and continues to advertise the GEEK THERAPY mark on the internet and across the most popular social media web sites and applications to consumers interested in social networking software applications.

105. Defendant Bean intentionally adopted the mark GEEK THERAPY knowing it was a well-recognized brand owned by Plaintiff.

**Defendant's Infringing Mark is Causing Confusion Among Consumers**

106. Defendant's use of GEEK THERAPY and GEEK THERAPIST causes confusion among consumers.

107. Cardona's marks are identical in sound, appearance, and meaning.

108. Cardona's and Defendant's potential customers are identical.

109. Cardona's and Defendant's channels of trade are identical.

110. Cardona's GEEK THERAPY and GEEK THERAPIST marks are distinctive and identifies Cardona as a source of mental health therapy services, training, education and entertainment.

111. Consumers have actually confused Defendant with Cardona, including within the GEEK THERAPY Community Facebook group.

112. Defendant's use of Cardona's GEEK THERAPY and GEEK THERAPIST marks has caused actual harm to Cardona and will continue to cause actual harm unless Defendant is enjoined from further use.

## COUNT IV

### (Civil Conspiracy)

113. Defendants Bean and Hartmans engaged in a conspiracy to prevent Cardona from registering his GEEK THERPAY trademark, and to prevent him from exercising his right to preclude others from making unauthorized use of the GEEK THERAPY and GEEK THERAPIST trademarks.

114. Defendants Bean and Hartmans conspired for the purpose of accomplishing by some concerted action either an unlawful purpose (depriving Cardona of his trademark rights) or a lawful purpose by unlawful means (obtaining a trademark registration by deceiving the USPTO), when they decided to seek federal registration of the trademark GEEK THERAPY and the certification mark GEEK THERAPIST.

115. Defendants Bean and Hartmans committed an overt tortious or unlawful act in the furtherance of the conspiracy when they filed Opposed Applications to register the marks GEEK THERAPY and GEEK THERAPIST.

### Fraud on the USPTO

116. Defendants Bean and Hartmans engaged in a conspiracy to obtain registrations for the marks GEEK THERAPY and GEEK THERAPIST through fraud on the USPTO.

117. The Opposed Applications contain the following statements:

[1] The signatory believes that the applicant is the owner of the trademark/servicemark sought to be registered…. [2] To the best of the signatory's knowledge and belief, no other

16

persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. … [3] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

118. Defendant Bean, through counsel, Defendant Hartmans, personally signed the Opposed Applications. In submitting the applications, Defendant provided a standard declaration averring that the above-listed statements are true.

119. At the time Defendants filed the Opposed Applications, Defendant knew that the statement, "signatory believes that the applicant is the owner of the trademark/servicemark sought to be registered" was false.

120. At the time Defendants filed the Opposed Applications, Defendant had known about Cardona's use of the names "GEEK THERAPY" and "GEEK THERAPIST" for years.

121. At the time Defendants filed the Opposed Applications, Defendant had known about Cardona's use of the names "GEEK THERAPY" and "GEEK THERAPIST" on Twitter and Facebook.

122. At the time Defendants filed the Opposed Applications, Defendant had known about Cardona's creation and management of the "Geek Therapy Community" group on Facebook.

123. At the time Defendants filed the Opposed Applications, Defendant had actual knowledge that Cardona was using the mark GEEK THERAPY in connection with a podcast entitled "GEEK THERAPY," on the subject of professionals using Geek culture in their work.

124. At the time Defendants filed the Opposed Applications, Defendant knew that the statement, "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive" was false.

125. At the time Defendants filed the Opposed Applications, Defendant knew that the Cardona had rights in the GEEK THERAPY and GEEK THERAPIST marks and Defendants had no reasonable basis for believing otherwise.

126. Prior to filing the Opposed Applications, Cardona expressly informed Defendant Bean that GEEK THERAPY is Cardona's "brand" and admonished Defendant not to use the term.

127. Defendant failed to disclose these facts to the Patent and Trademark Office with the express intent to procure a registration to which Applicant is not entitled.

128. At the time Defendant filed the Opposed Applications, Defendant knew that the Cardona was using the GEEK THERAPY trademark in connection with a podcast, psychological counseling services, educational services, on various social media services and communities of interest (of which Defendant is a member), and that Cardona had shared his intention to create a book referred to as a Geek Therapy Playbook.

129. When Defendant was informed by Cardona that Defendant did not have Cardona's permission to the use the GEEK THERAPY mark, Defendant conspired with his attorney to prevent Cardona from perfecting under the Lanham Act his well-established common law trademark rights, when Defendant filed the Opposed Applications.

130. At the time Defendant filed the Opposed Applications, Defendant intended to prevent Cardona from obtaining a registration on Cardona's GEEK THERAPY Trademark and GEEK THERAPIST Trademark.

131. Defendant committed fraud in obtaining the trademark registration. Applicant's false statements procured favorable examination and publication of the mark in the Opposed Application.

132. The Opposed Applications are void ab initio due to Defendant's fraud on the USPTO. Cardona's long-standing use, well-known by Defendant prior to the filing of the Opposed

Applications, means that Defendant's statements were knowingly false when made, and made with the intent to deceive the USPTO.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Josué Cardona respectfully requests that this Court enter an order for:

(i) Judgment against Defendants Bean and Bean PLLC and a determination that Defendants' use of GEEK THERAPY and GEEK THERAPIST is violating §43(a) of the Lanham Act,

(ii) Judgment against Defendants Bean and Bean PLLC for preliminary and permanent injunctive relief prohibiting Defendants' use of the names GEEK THERAPY, GEEK THERAPIST and GEEK THERAPEUTICS;

(iii) Judgment against Defendants Bean and Bean PLLC and an award of Cardona's actual damages to be proved at trial;

(iv) Judgment against Defendant Hartmans and an award of damages equal to all of Cardona's costs and Attorney's Fees incurred in prosecuting and defending Opp'n. 91249379;

(v) Judgment against Defendants Bean and Bean PLLC and an award of Cardona's costs and reasonable Attorney's Fees incurred in prosecuting this lawsuit;

(vi) Judgment against Defendants Bean and Bean PLLC and an award of the costs of corrective advertising in an amount equal to the amount spent by Defendant on any advertising incorporating GEEK THERAPY or GEEK THERAPIST;

(vii) Judgment against Defendants Bean and Bean PLLC and an award of damages in an amount equal to the gross receipts received by Defendants' for sales of "Geek Therapist Certification(s);"

(viii) Judgment against Defendants Bean and Bean PLLC for oppressive and bad faith conduct and an award of punitive damages in an amount equal to $100,000.00;

(ix) Prejudgment interest and costs; and

(ix) Such other relief the Court deems just and appropriate.

## **JURY DEMAND**

Cardona hereby demands a trial by jury on all matters and issues triable by jury in this action.

Dated: March 12, 2021

Respectfully submitted,

[signed] /david m. adler/
David M. Adler, Esq.
ILL Bar No. 6242403
Adler Law Group
300 Saunders Road, Suite 100
Riverwoods, IL 60015
Phone: (866) 734-2568
Email: David@adler-law.com